WILLIAM BARKER *v.* WILLIAM WHITE AND OTHERS.

*Equity—Costs in Discretion of Court awarding them—Evidence, Conflict of—Appeal.*

In suits in equity, the giving or withholding of costs is in the discretion of the Court, which discretion, except in cases of abuse, the Appellate Court will not attempt to control.

Where there is conflicting evidence upon a material fact before the Court, referee, or jury, the finding thereon is conclusive, and cannot be questioned by the Court.

*W. R. & S. H. Stafford* for Appellant.
*G. R. & T. D. Petton* for Respondents.

BOOKES, J.—This action was in equity, by one member of a partnership to enforce certain claims against the other members, growing out of the firm business.

It was referred to a referee to hear and determine, who reported in favor of the Plaintiff as to one claim, and against him as to the other; and the referee adjusted the costs between the parties, by allowing them in part to the Plaintiff, and in part against him to the Defendants.

Judgment was entered as directed by the referee. The Plaintiff appealed therefrom to the General Term, in so far as his claim set forth in the complaint was disallowed, and also as to the adjudication of the question of costs. The judgment was affirmed at General Term, and the Plaintiff appealed to this Court.

In the complaint the Plaintiff charged that during the continuance of the partnership one of the firm, George W. Sherman, now deceased, whose estate is represented in this action by his administratrix and administrator, had in his possession the sum of six hundred dollars, which belonged to the firm, and which sum he loaned to one Albert Rogers, on his own individual responsibility, promising to make the sum good to the firm; that

such sum had never been repaid to the firm; and he claimed that Sherman's estate should be charged with this sum and interest.

The referee found in favor of the Plaintiff on this allegation, and allowed a recovery in his favor, and against Sherman's estate, for his proportion of the claim. In this determination of the referee the parties acquiesced, neither appealing therefrom. This branch of the case, therefore, requires no examination.

The Plaintiff also charged in the complaint that during the continuance of the copartnership he lent and advanced to the firm, of his own individual funds, the sum of one thousand dollars, which sum was used in the partnership business, and that the firm gave him a promissory note therefor, dated "April 24, 1854," signed in the firm name, and that he still held the same, which was due and wholly unpaid; and he claimed that this sum should be charged against the members of the firm, respectively, in due proportion.

This allegation of the complaint was denied by the other parties; and they averred, on information and belief, that if any such paper existed it was made and placed in the Plaintiff's hands for a special purpose, to which it was never in fact appropriated, and that it never had any legal existence as a valid instrument binding on the firm.

The litigation before the referee was confined principally to this branch of the case, and the appeal was brought to review the decision of the referee thereon.

The note described in the complaint was produced by the Plaintiff, and was put in evidence.

The signature was shown to be in the handwriting of Mr. White, a member of the firm.

The Plaintiff gave evidence tending to prove that the note was given him for money loaned, as alleged in the complaint.

On the other hand, the evidence offered by the Defendants tended strongly to contradict the Plaintiff's case, and left it quite doubtful, if not entirely improbable, that the note was given under the circumstances and for the purpose asserted by the Plaintiff. The evidence certainly made it a question of fact for

Opinion by BOCKES, J.

the referee. He found emphatically against the Plaintiff—that he did not lend or advance the one thousand dollars to the firm, nor did the firm make and give him the firm note, as alleged in the complaint; nor was that sum due and owing to him from the copartnership; and while he found that the note was signed by the firm name, in form as stated in the complaint, yet he also further found that it was never held and owned by the Plaintiff, as claimed by him. This finding of fact on the evidence must be held conclusive on the parties, and as a consequence determines the case against the Plaintiff, in so far as he made a claim against the other members of the firm, or the note. His case was not sustained on this point of the litigation, and the judgment in that regard was properly affirmed by the General Term.

No other question is raised on this appeal on the merits.

It is insisted hence that the referee erred in the adjustment of the costs between the parties. The action being in equity, the giving or withholding of costs was in the discretion of the referee. As a general rule, the Court will not attempt to control that discretion on appeal; certainly not except in case of its palpable abuse.

Such is not this case.

The Plaintiff failed in the action on the principal subject of litigation; recovering, however, on one minor branch of it. He was allowed his costs of the action, excepting two-thirds of the disbursements, and was charged with the costs of White's defence.

We cannot see that the adjustment of the costs between the parties was so unfair and inequitable as to require this Court to interfere with the decision of the referee.

The judgment of the Supreme Court should be affirmed, with costs of the appeal against the Appellant.

All concur.

Affirmed.

GROVER, J.—None of the exceptions of the Plaintiff to the admissibility of evidence were well taken. It was claimed by the Plaintiff that he had loaned his firm, consisting of the parties to the suit, one thousand dollars, for which the note was given. The circumstances under which this note was presented by the Plaintiff, his entire forgetfulness at the time as to the origin of the note, its consideration, or how he came by it, were calculated to create a doubt as to the truth of the story subsequently told by him—that he kept large sums of money in his house, in the custody of his wife, from which this money was taken. This story was of itself very suspicious. This rendered an inquiry into the pecuniary condition and dealing of the Plaintiff, at about the time, admissible, for the purpose of showing whether the Plaintiff had in fact any such sums of money as claimed by him. All the evidence excepted to was proper for this purpose. The question whether the Plaintiff lent the thousand dollars to the firm, and took the note in question, therefore, was one of fact; and if the evidence was at all conflicting, the decision of the referee cannot be reviewed in this Court. It was undisputed that the signature of the firm to the note was in the handwriting of the Defendant White, one of the firm. Had there been no other evidence, it would have presented a question of law merely; and, had the referee found the fact contrary to the undisputed evidence, it would have been a legal error that this Court would correct upon appeal. But there was other evidence tending strongly to show that the note was not valid against the firm.

· In this class of cases this Court has no power to inquire into the weight of the evidence, and determine whether the Court below has come to a correct conclusion thereon. That can only be done by the Supreme Court. In this case the Plaintiff concedes that costs were in the discretion of the Court.

There is no evidence of abuse in its exercise. There is no grounds for the interference of this Court with the disposition in this respect made by the referee.

The judgment appealed from should be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,<br>State Reporter.