WILLIAM BARKER, Appellant, *v.* WILLIAM WHITE *et al.*,
Respondents.

The finding of facts by a referee, where the same is not clearly contrary
to evidence, and is affirmed on appeal to the General Term, will not be
disturbed.

The giving or withholding of costs being in the discretion of the referee,
this court will not attempt to control that discretion, except in case of
its palpable abuse.

BOOKES, J.   This action was in equity, by one member of
a partnership, to enforce certain claims against the other
members, growing out of the firm business.

It was referred to a referee to hear and determine, who
reported in favor of the plaintiff as to one claim, and
against him as to the other; and the referee adjusted the
costs between the parties by allowing them in part to the
plaintiff, and in part against him to the defendants.   Judg-
ment was entered as directed by the referee.   The plaintiff
appealed therefrom to the General Term, in so far as his
claim set forth in the complaint was disallowed, and also as
to the adjudication of the question of costs.   The judgment
was affirmed at General Term, and the plaintiff appealed to
this court.

In the complaint, the plaintiff charged, that, during the
continuance of the partnership, one of the firm, George W.
Sherman, now deceased, whose estate is represented in this
action by his administratrix and administrator, had in his
possession the sum of $600, which belonged to the firm, and
which sum he loaned to one Albert Rogers on his own indi-
vidual responsibility, promising to make the sum good to the
firm; that such sum had never been repaid to the firm, and
he claimed that Sherman's estate should be charged with
this sum and interest.   The referee found in favor of the
plaintiff on this allegation, and allowed a recovery in his
favor and against Sherman's estate for his proportion of the
claim.   In this determination of the referee the parties

acquiesced, neither appealing therefrom. This branch of the case, therefore, requires no examination.

The plaintiff also charged, in the complaint, that, during the continuance of the copartnership, he lent and advanced to the firm, of his own individual funds, the sum of $1,000, which sum was used in the partnership business, and that the firm gave him a promissory note therefor dated April 24, 1854, signed in the firm name, and that he still held the same, which was due and wholly unpaid, and he claimed that this sum should be charged against the members of the firm respectively in due proportion.

This allegation of the complaint was denied by the other parties, and they averred, on information and belief, that if any such paper existed it was made and placed in the plaintiff's hands for a special purpose, to which it was never in fact appropriated, and that it never had any legal existence, as a valid instrument, binding on the firm. The litigation before the referee was confined principally to this branch of the case, and the appeal was brought to review the decision of the referee thereon. The note described in the complaint was produced by the plaintiff and was put in evidence. The signature was shown to be in the handwriting of Mr. White, a member of the firm. The plaintiff gave evidence tending to prove that the note was given him for money loaned as alleged in the complaint. On the other hand, the evidence offered by the defendants tended strongly to contradict the plaintiff's case, and left it quite doubtful, if not entirely improbable, that the note was given under the circumstances and for the purpose asserted by the plaintiff. The evidence certainly made it a question of fact for the referee. He found emphatically against the plaintiff, that he did not lend or advance the one thousand dollars to the firm, nor did the firm make and give him the firm note as alleged in the complaint, nor was that sum due and owing to him from the copartnership ; and while he found that the note was signed by the firm name, in favor as stated in the complaint, yet he also further found that it was never parted with by the firm, and was never held and owned by the plaintiff as claimed by

him. This finding of fact on the evidence must be held conclusive on the parties, and as a consequence determines the case against the plaintiff in so far as he made a claim against the other members of the firm on the note. His case was not sustained on this point of the litigation, and the judgment in that regard was properly affirmed by the General Term. No other question is raised on this appeal on the merits. It is insisted, however, that the referee erred in the adjustment of the costs between the parties. The action being in equity, the giving or withholding of costs was in the discretion of the referee. As a general rule, the court will not attempt to control that discretion or appeal, certainly not except in case of its palpable abuse. Such is not this case. The plaintiff failed in the action on the principal subject of litigation, recovering, however, on one minor branch of it. He was allowed his costs of the action, excepting two-thirds of the disbursements, and was charged with the costs of White's defense.

We cannot see that the adjustment of the costs between the parties was so unfair and inequitable as to require this court to interfere with the decision of the referee.

The judgment of the Supreme Court should be affirmed, with costs of the appeal against the appellant.

All concur.

Judgment affirmed.