SAMUEL LAW, RESPONDENT, *v.* LUTHER S. McDONALD, APPELLANT.

*Water privilege — acquisition of by user — License — by whom it must be proved — Equitable actions — costs in — Code, § 304.*

A right to the use of water in a particular manner may be acquired by an uninterrupted adverse enjoyment thereof for a period of twenty years.

In such a case it rests upon the party submitting to such user to show that it was by license or permission. It is not necessary for the party claiming it to prove an express claim of right, in order to characterize the user as adverse.

Where in an action in equity each party succeeds as to part of the matters in litigation between them, costs are not allowed to either as against the other.

Where in an equitable action the complaint set forth two causes of action, as to one of which the plaintiff succeeded and as to the other of which he failed, *held,* that it was error to award him the costs of the entire action, including those incurred in the trial of that cause of action as to which the defendant succeeded.

The discretion vested in the trial court to award costs in equitable actions is sub-
ject to review at the General Term, when it has been exercised in manifest dis-
regard of equity and right.

Section 304 of the Code, awarding costs to the successful party, as a matter of
right, in cases where the title to real property is brought in question, applies
only to actions at law as distinguished from actions in equity.

APPEAL from a part of a judgment in favor of the plaintiff
entered on the report of a referee.

The action was in equity. The complaint contained two inde-
pendent causes of action : one for an alleged unlawful obstruction
and diversion of an arm of the Delaware river; the other, for an
alleged unlawful removal of, and interference with a water pipe,
through which the plaintiff drew water to his premises from a
spring situated on the defendant's lands. Equitable relief was
sought as to each alleged cause of action. The referee found in
favor of the defendant on the first count of the complaint, and
against him on the second; and awarded costs generally to the
plaintiff. From the judgment entered against the defendant he
appealed to the General Term.

*G. W. Clark*, for the appellant.

*D. D. Niles*, for the respondent.

BOCKES, J. :

The referee found that the plaintiff established his right to draw
water from the spring situated on the defendant's land, by adverse
use. It was proved beyond controversy that water had been taken
from the spring and conducted through a pipe to the plaintiff's
premises, as claimed by the latter, for a period of about twenty-seven
years prior to the defendant's interference with, and removal of the
pipe. But it was insisted by the defendant that such use of the
water was merely permissive under license, and otherwise without
right.

The plaintiff was without paper evidence of any grant of the
right to or use of the water. He, however, showed as he insisted,
and as the referee found, definite, continuous, and as to the defend-
ant and his predecessor in title, an exclusive and notorious use of
the water for a period of twenty-seven years. It was held in

*Townsend* v. *McDonald* (12 N. Y., 381), that a party acquires a right to the use of water in a particular manner, by an uninterrupted adverse enjoyment of such use during twenty years. The entire doctrine is stated by Judge DENIO in this case (page 391), that "if one proprietor has, during a period of twenty years or more, possessed and used a portion of the hydraulic property belonging to another proprietor, not by license or favor, but adversely and in derogation of the rights of such proprietor, the law, upon considerations of policy, and for the purpose of quieting a long possession, will presume a grant from the proprietor thus intruded upon to the other, and will preclude the party who has thus acquiesced from asserting the right which he otherwise would have had;" and the learned judge cites several cases in support of this proposition. And it was held in *Hammond* v. *Zehner* (21 N. Y., 118), that it is for the party submitting to the user in such case, to show that it was by license or permission, and not for the party exercising it to prove an express claim of right, in order to characterise the use as adverse. The learned judge in delivering the opinion of the court in this case, and referring to *Parker* v. *Foote* (19 Wend., 309), says : "If the user be wrongful — if it be a usurpation to any extent upon the rights of another, it is of itself adverse, and if acquiesced in for twenty years a reasonable foundation is laid for presuming a grant." These principles of law, however, are not at all controverted by the appellant's counsel; but he insists that there is evidence in abundance to show that the use of the water was under license — was merely permissive on the part of the defendant and his grantor. On this question of fact, the case is not entirely free from difficulty. There is some evidence tending to support the position urged by the defendant's counsel. But after careful reading of all the proof I am inclined to accept the conclusion of the referee as correct. He has given the evidence, as I think, a very careful and fair examination ; his analysis and application of the proof seems just and sound, under the explanations of which it is susceptible and to which he holds it justly subject. Agreeing with him in his views and reasonings as regards this question of fact, comment here would be but useless repetition. It is also sufficient to say that no error appears in the

admission or rejection of evidence calling for a reversal of the judgment.

But there still remains in the case a question of considerable importance. The referee directed a recovery against the defendant for the entire costs of the suit, amounting to $436.22, notwithstanding the latter succeeded as to one of the causes of action charged in the complaint, the trial of which alone consumed six out of the nine days occupied in the hearing. On this branch of the case the referee finds as follows : (1) That six out of the nine days occupied in the trial of the cause were used in the trial of the first cause of action set forth in the complaint, and as to which the defendant succeeded ; (2) that over thirty exhibits relating entirely to the first cause of action were given in evidence by the plaintiff; (3) that more than two-thirds of the oral evidence given on the trial of the cause related solely to the first cause of action, and had no relation to the second ; and, (4) although requested by the plaintiff so to find, refused to find that the defendant's act in removing the pipe from the spring was malicious and vindictive.

The justice and equity of awarding to the plaintiff the costs and expense incident to the trial of the first cause of action, as to which he was defeated, is not obvious. The burden of this part of the trial was also, as it seems, to the extent of two-thirds of the entire litigation.

It has long been the settled rule in equity actions to refuse costs to a party who fails in his claim, although he may succeed in part. So in that class of actions where each party succeeds as to part of the matters in litigation between them, costs are not allowed to either against the other. (*Caldwell* v. *Leiber*, 7 Paige, 483 ; *Crippen* v. *Heermance*, 9 id., 211; *Stafford* v. *Comstock*, 3 id., 100 ; *Ten Eyck* v. *Holmes*, 3 Sandf. Ch., 428 ; *Barker* v. *White*, 3 Keyes, 617.) The awarding of costs in equity cases stands on the same footing now as before the Code. (*Pratt* v. *Stiles*, 17 How., 211; *Phelps* v. *Wood*, 46 id., 1; *Church* v. *Kidd*, 10 Sup. Ct. N. Y. [3 Hun], 254.) While the awarding or withholding of costs in this class of actions is discretionary with the court, still such discretion is to be exercised in accordance with fixed principles, having their basis in equity and justice. This discretion may not be capriciously exercised in violation of right; otherwise

discretion becomes tyranny indeed, without the power of redress. So it is well said in Barbour's Chancery Practice (vol. 2, p. 323), that in exercising this discretion courts of equity are generally governed by certain fixed principles which they have adopted upon the subject of costs; and do not, as is frequently supposed, act upon the mere caprice of the judge before whom the cause is heard ; that the discretion to be exercised is a *sound* discretion. Doubtless, too, the discretion of the trial court will be conclusive in the case, save when it appears that its exercise has been in manifest disregard of equity and right. So it has been said that the court will not, on appeal, attempt to control this discretion except in cases of its manifest abuse. (*Barker* v. *White*, 1 N. Y. Ct. of Ap. Dec., 97, 98 ; *Barker* v. *White*, 3 Keyes, 495 ; *Church* v. *Kidd*, 10 S. C. N. Y. [3 Hun], 254, 271.) But if the question is an open one it is difficult to see how it can be considered other than *de novo*. Now, in the case in hand, according to well settled rules of equity practice, based on principles of justice and right, the entire costs of the action should not have been awarded against the defendant; he succeeded on one entire cause of action alleged against him, the burden of which was, as to the entire litigation, in the proportion of two to one.

There was nothing in the case, as we can see, indicating other than a mistaken confidence in his defense ; and it seems that he was not under mistake as to that, as regards one of the two charges made against him ; and judging from the labor and expense attending its development before the referee, that charge was the principal one in the litigation. Thus, in the observance of settled rules, costs should have been denied to each as against the other, putting the case in the most favorable light for the plaintiff. This seems so manifest, that the action of the referee in charging the whole costs of the suit against the defendant must be deemed to be error ; and to correct such error an appeal will lie to the General Term. (*Leslie* v. *Leslie*, 6 Abbott [N. S.], 193 ; *People* v. *N. Y. Central R. R. Co.*, 29 N. Y., 418, 422 ; *Bank of Geneva* v. *Reynolds*, 33 id., 160 ; *Hanover Fire Ins. Co.* v. *Tomlinson*, 58 id., 215.) But it is said that the plaintiff was entitled to costs as matter of law, under section 304 of the Code, because the title to real property arose on the pleadings. It has always been understood

that this section of the Code had application to actions at law as distinguished from equitable actions. So inasmuch as the latter class of actions were made to depend on equitable principles, costs which were but an incident should also be controlled by like considerations. This seems to be a sound construction of the two sections of the Code here brought under examination (sections 304, 306); and I am constrained to adopt it as a rule, because of the settled understanding of the courts and the profession, as also of its manifest justice.

The conclusions here reached require that the judgment should be modified so as to stand without costs to either party as against the other; and as so modified it should be affirmed without costs of appeal.

BOARDMAN, J., concurred in affirming the judgment as modified by the opinion of BOCKES, J.; LEARNED, P. J., dissented as to reviewing of costs below.

Judgment modified so as to be without costs to either party, without costs of appeal.