VAN BRUNT, P. J., RUMSEY and WILLIAMS, JJ., concurred.

Judgment affirmed, with costs.

---

WILLIAM HOTOPP, Respondent, *v.* EMILIE HUBER and Others, as Executors, etc., of OTTO HUBER, Deceased, Appellants.

*Limited partnership — affidavit of contribution presumptively true — entries in firm books competent against a special partner — judgment and execution returned unsatisfied in another action against the firm, justifies an action against a special partner.*

Where an affidavit of a special partner in a limited partnership, forming part of the papers by which such limited partnership is attempted to be created, is regular on its face, the burden rests upon one who seeks to charge the special partner as a general one, by showing that the money stated in such affidavit to have been paid by the special partner to the firm was not in fact paid, to establish affirmatively that the affidavit was false.

Entries in the firm books of a limited partnership are competent evidence against special partners, and in favor of third persons, as being in the nature of admissions of the facts stated therein, and the omission of the entry of a payment by a special partner, of the sum alleged to have been contributed to the common stock by him, tends to show that no such payment was, in effect, made by him.

Where a creditor of a limited partnership proves, upon the trial of his action, the entry of judgment in behalf of another creditor against the surviving general partners, and the return of an execution thereon unsatisfied prior to the commencement of the action of the creditor in question, he may prosecute his claim, in the first instance, against the personal representatives of a special partner who has not, in fact, paid into the firm in cash his stipulated contribution to its capital.

APPEAL by the defendants, Emilie Huber and others, as executors, etc., of Otto Huber, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of December, 1896, upon the decision of the court rendered after a trial at the New York Trial Term before the court without a jury.

*Moses Weinman, Samuel Untermyer* and *Louis Marshall,* for the appellants.

*Abram Kling,* for the respondent.

PARKER, J. :

The judgment under review charges the defendants, as executors of Otto Huber, with the amount of the indebtedness due to this plaintiff from the firm of Peter Lenk & Co., of which Huber was a member.

Huber did not intend to become a general partner in the firm of Peter Lenk & Co., but a limited partner, and the papers by which the limited partnership was sought to be created were on their face conformable to the statute authorizing such creation.

But the trial court decided that the affidavit which Huber made in compliance with section 7 of the Limited Partnership Act (1 R. S. 765), containing a statement that he had contributed $50,000 in cash to the capital of the firm, was false, and that by reason thereof Huber became liable as a general partner.

The question presented on this review is, whether the evidence supports the decision of the trial court.

As the affidavit of Huber, which formed a part of the papers by which the members of the firm of Peter Lenk & Co. attempted to create a limited partnership was regular on its face, and presumptively true, the burden rested upon the plaintiff to establish affirma-

tively that such affidavit was false. (*C. N. Bank* v. *Strauss*, 137 N. Y. 148.)

The limited partnership papers were executed in the early part of November, 1885, and provided that the partnership should commence the 16th day of November, 1885.

The plaintiff, to establish his case, called as a witness Charles Weller, who testified that he was in the employ of Peter Lenk & Co. in 1885, and was their bookkeeper and cashier, having no other duties. He identified the bank book which the firm kept with the Nassau Bank, which contains no entry of the deposit of $50,000 in the month of November, 1885. He also identified one of the ledgers of Peter Lenk & Co.; and page 125 of that ledger, which contained the account of " Otto Huber, special," was introduced in evidence. This account does not contain an entry of $50,000 paid by Mr. Huber in the month of November, 1885, or of any payment whatever by him in that month.

The witness' attention was called to the cash book of the firm, and in response to the inquiry, " What is this book ? " he answered : " Cash book of the firm of P. Lenk & Co. ; that cash book contains the entries of moneys received and paid out during the month of November, 1885, in my handwriting." To the question, " Is there any entry of any $50,000 having been paid in by Otto Huber during the month of Novembers as appears by the cash book of that firm ? " witness answered " No." " Q. If $50,000 had been paid into the firm of Lenk & Co. * * * wouldn't it have been entered in the cash book ? A. If I would have got it, it would have been. If I had then received the $50,000 I would have put it in the cash book. I kept the cash book during that year, not alone, I was cashier with Mr. Lenk together. Q. And that would have been also credited to his account in the ledger, wouldn't it ? A. Yes, if I had received it. * * * I would not make an entry unless I received it. I mean on behalf of the firm, as bookkeeper and cashier, I posted from the facts into the cash book such moneys as were received by the firm. If none were received it was not entered. Q. You know these books were correct at the time you kept them ? A. I kept them correctly, yes."

The ledger account, " Otto Huber, special," shows $51,000 to the

credit of Huber in November, 1885, but it appears from the testimony of the witness Weller that Huber became a partner of the firm of Peter Lenk & Co. in 1882, and contributed $30,000 to the capital of the firm; that the ledger account, which shows $51,000 to his credit in November, 1885, was made up prior to the formation of the limited partnership, and it shows $32,710.31 to the credit of Huber on January 1, 1885. The trial court regarded the witness as hostile to the plaintiff, and, from our examination of the testimony, we are compelled to agree with him. But if he knew that the money was not paid in, and knew exactly how the $50,000 was made up, which Huber's affidavit stated he contributed in cash, the witness did not tell. So far as his testimony goes, it amounts to nothing more than a statement that he did not know of the $50,000 being paid in in cash.

The defendants offered no testimony, and the plaintiff's affirmative evidence to meet the burden of proof resting upon him was confined to the books of the firm.

Turning to the books, we find no entry indicating that the sum of $50,000 in cash or any other sum was paid in to the firm by Huber in November, 1885, or subsequently. It seems to be well settled that the entries in the firm books of a special partnership are competent against special partners and in favor of third persons as being in the nature of admissions of the facts therein stated. (*First National Bank of Jersey City* v. *Huber*, 75 Hun, 80; *Kohler* v. *Lindenmeyr*, 129 N. Y. 498.) And the omission of the entry of payment in the firm's regular books of account of the payment of $50,000 to the common stock by Huber was competent on the part of the plaintiff, tending to show that no such payment was in fact made. (*White* v. *Benjamin*, 150 N. Y. 258; *Mayor, etc., of N. Y.* v. *Goldman*, 125 id. 395.)

The determination of the trial court, therefore, had evidence to support it, and, we think, sufficient evidence.

The appellants' contention that the plaintiff cannot maintain this action against the executors of Otto Huber alone, without showing that he had prosecuted to judgment an action against the surviving members of the firm of Peter Lenk & Co. is not well founded.

The death of Lindenmeyer, the other special partner, is admitted by the pleadings, and the plaintiff alleged in his complaint and

proved upon the trial the entry of judgment in behalf of another creditor against the surviving general partners and the return of execution thereon unsatisfied prior to the commencement of this action. This was sufficient to justify the plaintiff in prosecuting his claim against the personal representative of Huber in the first instance. (*Van Riper* v. *Poppenhausen*, 43 N. Y. 68; *Pope* v. *Cole*, 55 id. 125; *Harbeck* v. *Pupin*, 123 id. 115.)

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., WILLIAMS, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.