(25 Misc. Rep. 97.)

### LODI CHEMICAL CO. v. CHARLES H. PLEASANTS CO. et al.

(Supreme Court, Special Term, New York County. October, 1898.)

CORPORATIONS—INSOLVENCY—PREFERENCE OF CREDITORS — JUDGMENT BY DEFAULT.

A corporation whose bank account was overdrawn, and which had several obligations which were due, and which it was unable to pay, gave a note to one of its creditors, payable on demand, and suit was commenced thereon on the next day, and judgment taken by default. Execution was not issued for eight months after judgment, and in the meantime the creditor advanced sums of money to the company, to secure which outstanding accounts were assigned. The sworn annual statements of the president showed the assets of the company to exceed its liabilities, but the evidence showed him to have been deluded as to the value of the assets, which on the execution sale failed to pay the liabilities. *Held*, that when the company suffered judgment it was insolvent, within Stock Corporation Law, § 48, providing that no judgment suffered by any corporation when it "is insolvent or its insolvency is imminent with the intent of giving a preference to any particular creditor over other creditors shall be valid."

Action by the Lodi Chemical Company against the Charles H. Pleasants Company and others to set aside a judgment by default against the latter company in favor of the National Lead Company, and to have an order appointing a receiver vacated, and for an accounting by such receiver and the defendant companies. Judgment for plaintiff.

P. Q. & F. L. Eckerson, for plaintiff.

Alexander & Green, for defendant National Lead Co.

James G. Janeway, for receiver of Charles H. Pleasants Co.

COHEN, J. The defendant the Charles H. Pleasants Company was, in the year 1896, engaged in business in the city of New York, and among its creditors, at that time, was the defendant the National Lead Company. On the 5th day of August in that year the Pleasants Company made its promissory note for $4,500, payable on demand, to the defendant the National Lead Company, which note was signed by Charles H. Pleasants, president, and by Charles E. Meek, treasurer, the latter being also the credit clerk in the employ of the lead company. On the same day payment of the note was demanded and refused, and an action was then commenced on the note in the supreme court in the county of Rockland, and therein judgment was taken by default on the 27th day of August, 1896. At the time the note was delivered it was agreed that the judgment should be entered in Rockland county, so that other creditors of the Pleasants Company should be kept in ignorance of the judgment. It was also understood that the lead company should have a preference over other creditors. The Pleasants Com-

pany, with the financial assistance of the lead company, continued in active business until April, 1897, when the creditor company, being unwilling to advance any more funds, filed a transcript of the judgment in this county. The execution, thereupon issued, was in part returned unsatisfied, and then the lead company brought an action for the sequestration of the property of the Pleasants Company, in which action the defendant Nelson was appointed receiver of all the property of the judgment debtor. The plaintiff, a judgment creditor of the Pleasants Company at the time of the commencement of this action, asks that the judgment of the 27th of August, 1896, be set aside, and the order appointing a receiver be vacated; that another receiver be appointed; and that the lead company, as well as the receiver, account for the property of the Pleasants Company which came into their possession.

The plaintiff bases its cause of action on a violation of that part of section 48 of the stock corporation law which reads as follows:

"No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent with the intent of giving a preference to any particular creditor over other creditors shall be valid."

From the facts already recited (and hereby found) it is established that a judgment was suffered by the Pleasants Company with an intent to give a preference to the lead company. The only other element necessary to the establishment of the plaintiff's cause of action is the actual or imminent insolvency of the Pleasants Company on the 27th of August, 1896, when the judgment was entered. At the last-mentioned date the Pleasants Company was insolvent, or its insolvency was imminent, within the legal definitions of the term "insolvency." The authorities, both in the United States courts and the courts of this state, have declared "insolvency," under the bankruptcy laws and acts of like character, to be a "present inability to pay current obligations as they mature." Hayden v. Bank, 28 C. C. A. 548, 84 Fed. 874; Ferry v. Bank, 15 How. Prac. 445, at page 451. One of the current obligations of the Pleasants Company was the note of $4,500, payable on demand on the 5th day of August, which was not paid and upon which judgment was entered; and from the evidence it is clear that other obligations were due on or before that date, which were not then or ever subsequently paid. Its bank account was overdrawn, both before and after the day when the note was given. On that very day the lead company loaned the Pleasants Company $1,000, and on many occasions, during the years 1896 and 1897, loans were made to the Pleasants Company for which it assigned outstanding accounts as security of the face value, in some instances of 33⅓ per cent. over and above the amount of the loan.

It is contended by the lead company that, under section 48 of the stock corporation law, the term "insolvency" means the inadequacy of the property of the Pleasants Company to pay its debts. Curtis v. Leavitt, 15 N. Y. 9, at page 140, where a similarly worded statute was under consideration; Van Riper v. Poppenhausen, 43 N. Y. 68,

at page 75; Baily v. Hornthal, 154 N. Y. 648, at page 659, 49 N. E. 56. In this sense, it seems, the term is used when the validity of the debtor's transfers is vested by the law governing fraudulent conveyances.

Within either definition, the testimony produced before me at the trial, some of which has been summarized, is sufficient to warrant a finding of insolvency. In support of the proof of solvency as last defined, the defendant the lead company claims that the sworn reports made by the Pleasants Company in January, 1896 and 1897, show the assets to be in excess of the liabilities. This is true, but the entire testimony of the witness Pleasants, the president of the company, who made these reports, tends to show that he was himself deluded as to the value of the company's assets. Reliance is also placed on the fact that eight months elapsed between the date of the judgment and the issuance of execution, during which time the debtor paid some of its current obligations. But it appears that no unexpected and unforeseen contingencies arose in the interim. Indeed, it is expressly proven that there was no material change in the assets of the company from August, 1896, to April, 1897, when the sale under the execution realized $2,819.75. This sum, coupled with the value of the assets in the hands of the defendant receiver, was wholly inadequate to pay the liabilities as they existed on that day or in the preceding August, when they were in excess of $21,000.

Some time after the case was closed the plaintiff asked leave to introduce evidence from the books of the Pleasants Company. Such leave was granted, and testimony was offered by both parties as to the contents of these books. The proof thus attempted to be made was unsatisfactory and unconvincing. If any weight is given to it, it only serves to confirm the views expressed. The plaintiff is entitled to the relief sought.

Judgment for plaintiff.