(39 App. Div. 398.)

MERTENS v. ROCHE et al.

(Supreme Court, Appellate Division, Fourth Department. April 8, 1899.)

1. OBJECTIONS ON APPEAL—STIPULATIONS IN THE LOWER COURT.
  Where an action, which is in form one at law, is tried as a suit in equity, and the respective counsel agree that it is to be disposed of according to the equitable rights of the parties, defendant cannot object on appeal that she is not liable because the action is one at law.

2. MONEY HAD AND RECEIVED—ACTIONS.
  An action for money had and received, though one at law, is to enforce an equitable obligation, and partakes of the attributes of a suit in equity.

**3. EXECUTORS — RESIDUARY LEGATEES — LIABILITY FOR ASSETS WRONGFULLY RECEIVED.**

> Executors sold property to plaintiff, and received the price, though they had no authority to sell it, and plaintiff never acquired title to it. The executors turned over the money to the residuary legatee, and they have performed their duties,—though no judicial settlement has been had,—and have no assets in their hands. The residuary legatee has indemnified the executors against the claim for the amount of the price. Code Civ. Proc. § 1837, provides for an action by a creditor against a legatee receiving assets. *Held*, that an action to recover the price paid is properly brought against the legatee, rather than the executors.

Appeal from special term, Onondaga county.

Action by Jacob M. Mertens against Percy E. Roche, impleaded with others, for money had and received by defendant Roche as residuary legatee. From a judgment for plaintiff, defendant Roche appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and SPRING, JJ.

William S. Jenney, for appellant.

Walter Welch, for respondent.

SPRING, J. The firm of A. C. Yates & Co., consisting of A. C. Yates and Theodore Dissel, was formed on or about November 28, 1877, and carried on the clothing business in the city of Syracuse until the death of Yates, October 11, 1880. After the death of Yates, Dissel conducted the business until the plaintiff went into partnership with him, February 29, 1881; and the business was carried on by this firm until February 17, 1888, when the firm was dissolved by the death of Theodore Dissel. At the time of the formation of the company of A. C. Yates & Co., another co-partnership was organized, composed of A. C. Yates, Theodore Dissel, and Charles Dissel. This firm also conducted its business under the style of A. C. Yates & Co.; but the theater of its operations was the city of Philadelphia, and it was distinct from, and independent of, the firm of like style located in Syracuse. This firm was also dissolved by the death of Yates, but the surviving members conducted the business after his decease. After the death of Yates, an inventory of his interest in these firms was taken; and it was ascertained to be of the value of $206,776.91, exclusive of various items of account incorporated in a separate schedule, which aggregated $44,467.03. In pursuance of an order of the court, the Dissels purchased the interest of Yates in these firms for $206,776.91, exclusive of the matters making up the separate schedule; and these accounts were explicitly reserved from this sale. The purchase was made as of February 1, 1881, although not actually consummated until September of that year. In the action in which the sale was decreed, the firm of A. C. Yates & Co. was dissolved, except as to said sum of $44,467.03, which comprised the unsettled account, and is carried on the firm books as "old-matters account." When Mertens went into the firm, he did not take any interest in the corpus of the property owned by the Dissels, or either of them. His interest consisted of a certain proportion of the net profits. By arrangement between Theodore Dissel and the plaintiff, the large accumulations

to the property by reason of these profits were left in the business, until at the time of the firm's dissolution by the death of Dissel, in 1888, plaintiff's interest, by reason of his proportion of the accretions arising from the net profits, was large, as the business was successfully conducted. During the continuance of the firm of Dissel & Mertens, the same set of books was used as in the preceding co-partnership of A. C. Yates & Co.; and the accounts and business were carried along on the books, in form, as if it were a continuation of the old firm. The account designated as "old-matters account," which comprised the various items aggregating $44,467.03, while carried along on the books, was never treated as belonging to the firm of Dissel & Mertens; and, as I have stated, it was never purchased by the Dissels.

Theodore Dissel left a last will and testament, in which Alexander Dissel, Robert Titus, John McCarthy, and the plaintiff in this action were named as executors. Each qualified, but Titus and Dissel died before the commencement of this action. By his will, after several general legacies, the bulk and residuum of his estate passed to his widow, the defendant Percy E. Roche, who has remarried since the death of Dissel. During the administration of the estate, the property of Dissel and Mertens was purchased by the plaintiff for $43,155.11. A careful appraisal of all the assets was made, as the basis for this sale, and plaintiff's purchase was made upon the items as they were compiled by the accountant. At the time the inventory was taken, the "old-matters account" was reduced to $32,271, none of which reduction had accrued to the benefit of the plaintiff. By mistake, the accountant, in his compilation, made for the purpose of determining the amount which the plaintiff should pay to acquire the interest of Dissel, included the item of $32,471.09, which comprised the "old-matters account," which never vested in Dissel, and which the executors had no authority to transfer, and which had never been treated as belonging to the firm of Dissel & Mertens. The accountant, in his computation, gave A. C. Yates' estate credit for $16,488.24, and Dissel for $15,982.85; that is, Mertens, as the evidence unmistakably shows, paid for property which he never acquired, and which, in the subsequent dealings, was never treated as part of his purchase. The amount of $32,471.09, and the items making up this charge, are distinctly traceable to the "old-matters account." Of this sum, $16,-488.24 belonged to the estate of Yates, which has never been paid by plaintiff; and no demand for payment has ever been made by the representatives of Yates. After the death of Yates, the "old-matters account" was reduced by the payment of about $12,000, one half of which was paid to the representatives of Yates, and the other half retained by Dissel, and placed in the business of Dissel & Mertens, but was credited to Dissel exclusively, and went to swell his proportion of the accumulations in the firm. Among the items composing this excluded account was one of $28,000 against W. L. Yates, of Cleveland, Ohio, which was secured by a mortgage of $20,000. This mortgage was transferred and delivered to Mrs. Roche by the executors, and, upon its payment, one-half was paid over to the residuary legatees of Yates, while the balance was retained by the defendant, in pur-

suance of her interest as the residuary taker of her husband's estate. Upon the payment of the Cleveland mortgage, at the instance of plaintiff, an examination of the accounts was made by an expert accountant, which revealed that this mortgage was collateral security for the account of W. L. Yates; and, upon plaintiff making a claim for the money upon this mortgage, an investigation was made by Mrs. Roche, and, as a result, on May 6, 1895, she paid to plaintiff $3,000 upon the claim, credit for which was given by the trial judge. An error and other items reduced the claim of plaintiff to the amount adjudged to be unpaid by the trial justice, an examination of which items is not now necessary. The executors of Theodore Dissel paid all the debts and general legacies of the testator, and paid over the balance of the trust property applicable to the residuary bequest to the defendant Mrs. Roche, which amounted to over $600,000.

This action, in form, is one at law against the residuary legatee and the executors to recover this money, as money had and received. The executors were not served, and were not, in fact, made parties; and the case was tried as if against Mrs. Roche alone. It was tried at a special term, as a suit in equity, and upon the explicit declaration of the counsel for the respective parties that the pleadings were to be treated as amended to conform to the proofs, and that the disposition of the case was to rest upon the equitable rights of the litigants, rather than upon the technical rules which might be applicable. It is now suggested that, it being an action at law, Mrs. Roche cannot be chargeable, as the form of the action does not permit it. The stipulation referred to, and the fact that the case was tried as a suit in equity, strip the objection of its force. All the proofs which in any event would tend to establish the liability of the defendant were received and considered by the court, the same as if the action had been purely in equity. Again, the action for money had and received, though one at law, is to enforce an equitable obligation, and partakes of the attributes of a suit in equity. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Roberts v. Ellwood, 116 N. Y. 651, 22 N. E. 453; Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3.

As the rule is stated in the case first cited, at page 131, 113 N. Y., and page 607, 20 N. E.:

"Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action, subject to the restriction that the mode of trial and the relief which can be given in a legal action are adapted to the exigencies of the particular case, and that the transaction is capable of adjustment by that procedure, without prejudice to the interests of third persons. No privity of contract between the parties is required, except that which results from the circumstances. Mason v. Waite, 17 Mass. 560. The right on the one side, and the correlative duty on the other, create the necessary privity, and justify the implication of a promise by the defendant to do that which justice and equity require. It is immaterial, also, whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it over to the plaintiff."

It is urged that the action should have been against the executors, instead of Mrs. Roche. They have performed their duties, though no judicial settlement has been had. The defendant has received whatever assets they possessed, belonging to her, and she has in-

demnified them against this specific claim. If the executors were sued, instead of her, it would be simply to make them perfunctory parties, as the ultimate liability attaches to defendant, if to any one. Section 1837 of the Code of Civil Procedure provides for an action by a creditor against a legatee receiving assets. Miller v. Morton, 89 Hun, 574, 35 N. Y. Supp. 294; Sheil v. Muir (Sup.) 4 N. Y. Supp. 272; Collier v. Miller (Sup.) 16 N. Y. Supp. 633; Colgan v. Dunne, 50 Hun, 443, 3 N. Y. Supp. 309. While the enforcement of a debt in pursuance of this section ordinarily requires an action in equity, as the obligation must be apportioned among the next of kin or legatees, and cannot exceed, as against any one, the sum he has received as beneficiary, yet the reasons for that rule do not obtain in this case; for Mrs. Roche has received vastly in excess of the demand of plaintiff, and she takes the entire residuum. It has been held that an action in equity will lie against the personal representatives of a deceased partner, rather than against the surviving partner, for a debt due from the firm, providing the proofs establish the insolvency of the survivor. Pope v. Cole, 55 N. Y. 124; Hotopp v. Huber, 16 App. Div. 327, 44 N. Y. Supp. 617; Harbeck v. Pupin, 123 N. Y. 115, 25 N. E. 311. To require an action at law against the penniless survivor would involve profitless expense and delay, and eventually the personal representatives must pay the claim. They are therefore the real parties in interest. In this case, to pursue the remedy against the executors would, in the end, be fruitless, as they have disbursed all the assets intrusted to them, and the defendant must therefore be the final paymaster. The facts in this case are ample to support the findings of the trial judge that plaintiff has paid to the executors of Dissel a large sum for property they had no authority to sell, and which he never acquired. The sum paid has augmented by that amount the moneys turned over to the defendant. She alone has received the benefits of this error. The executors have no assets in their custody; and to set aside this judgment, and relegate the plaintiff to his remedy against the executors, with the statute of limitations confronting him as a defense, would be substituting the shadow for the substance.

The judgment is affirmed, with costs. All concur, except FOLLETT, J., not voting.

