OLDFIELD v. VASSAR COLLEGE.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. MONEY RECEIVED FROM THIRD PERSON—TRANSFER OF WORTHLESS SECURITY.
   Where an executor exceeded his authority, and invested a trust fund in certain securities, which on the expiration of the trust the beneficiary refused to receive, and the same were sold by order of the court, and the money paid the beneficiary, an action for money had and received cannot be maintained by the purchaser of the securities against the beneficiary on the discovery that the securities are forgeries; an implied warranty of the genuineness of the note and mortgage not accompanying the transfer, and the defendant not being guilty of any fraud.

2. SAME—LIMITATIONS.
   If such action were maintainable, it accrued in 1890, when the forgery was first discovered, and is barred by the six-year period of limitations.

Appeal from special term, Dutchess county.

Action by Mary Oldfield, as executrix under the will of John Oldfield, deceased, against Vassar College. From a judgment in favor of the plaintiff, the defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

James W. Husted, for appellant.
Frank B. Lown, for respondent.

HIRSCHBERG, J. The will of Matthew Vassar, deceased, was proved in Dutchess county on the 31st of August, 1868; and letters testamentary were then issued to Matthew Vassar, Jr., Charles W. Swift, and Stephen M. Buckingham, as executors and trustees. By the will, among other provisions, the sum of $10,000 was given to the executors in trust to pay the income to Caroline E. Vassar during her life, and upon her death to pay the principal to the defendant, Vassar College. For several years before his death, which occurred on the 1st day of December, 1887, Stephen M. Buckingham was the sole surviving executor and trustee, and as such had charge and possession of the securities in which this bequest was invested, viz., four certain promissory notes, dated June, 1885, and secured, one by an Ohio mortgage, and three by an Illinois mortgage. The fair inference from the evidence is that he made these investments as surviving trustee. On the 19th day of October, 1887, Caroline E. Vassar died; and Buckingham, as executor and trustee, offered the securities in which the fund was invested to the defendant, but the latter refused to receive and accept them. Shortly thereafter the will of Stephen M. Buckingham was probated, and his executors and executrix, viz., Julius Catlin, Jr., Catharine M. Buckingham, and John F. Halsted, being duly appointed, and having succeeded to the

charge and possession of the securities, renewed the offer to the defendant, and it was again declined. The executors then commenced an action in the supreme court against the administrator of Caroline E. Vassar and the defendant Vassar College for an accounting as to the trust fund, and the appointment of a trustee of the trust on behalf of the estate of Matthew Vassar, with power and authority to close it up. In that action a final decree was entered by consent on the 1st day of February, 1888, in which it was adjudged that it appearing to the court that all the securities were convertible into cash, and that purchasers stood ready to buy them and to pay the full amount due for them, the plaintiff John F. Halsted was directed to transfer and assign them to the respective purchasers, on payment of the full amount due. The said Halsted was appointed substituted trustee under the will of Matthew Vassar in place of Buckingham, deceased, for the purpose and with full power and authority of assigning the securities to the purchasers and receiving the money; and the plaintiffs in the action were directed to pay over from such money the sum of $10,000, the principal of the trust, to the defendant, Vassar College, or to its treasurer. One of the notes, amounting to $2,500, secured by an Illinois mortgage, was sold and assigned, by a sealed instrument, by Halsted to John Oldfield, on the day the decree was entered; the assignment transferring all his (Halsted's) right, title, and interest in the note and mortgage; and the full amount, principal and interest, was paid by Oldfield to Halsted. With this money and the proceeds of the sale of the other notes, the plaintiffs in that action, as the executors of Stephen M. Buckingham, paid the sum of $10,000 on the same day, viz., February 1, 1888, to the defendant herein, in settlement and extinguishment of the trust, and in obedience to the mandate of the judgment; taking back a receipt for the money, drawn to themselves as executors of Stephen M. Buckingham, deceased. The note and mortgage assigned to Oldfield turned out to be forgeries. This fact was not known to any of the parties at the time of the transactions herein recited, but was discovered by Oldfield in the month of July, 1890. He died February 1, 1891, leaving a last will and testament, which was admitted to probate April 8, 1891, and of which the plaintiff is executrix. This action was commenced by her in her representative capacity, on the 2d day of June, 1898, to recover a money judgment only, for the amount which her decedent paid for the note and mortgage, with interest from February 1, 1888.

The action is for money had and received. No authority is cited in support of the plaintiff's right to maintain it under the facts as stated, and as found by the learned trial justice. The securities were not such as the representatives of the Matthew Vassar estate could lawfully invest in. The defendant refused to accept them, or to ratify the investment in any way. The plaintiff purchased with full knowledge, or the means of knowledge, of these facts. There was no concealment or fraud, so far as concerns the parties to either action in this court. The sale to the plaintiff's decedent was not effected through any agency representing the defendant, and no warranty of the genuineness of the note and mortgage was made,

or is to be implied from the circumstances of the transaction, so as to bind the latter. The defendant could not have been compelled to take the securities, but could have maintained an action against the trustee by whose improvidence the investment was made, and his representatives, for the amount of the trust fund. In reaching the conclusion that no implied warranty of the genuineness of the note and mortgage can accompany the assignment from Halsted, I do not overlook such cases as Ross v. Terry, 63 N. Y. 613, and others cited, wherein it is held that on a sale of a bond or other se-curity a warranty is implied that it is a valid and subsisting obliga-tion. Such cases have no application to a formal transfer made by order of the court for the mere purpose of transmitting title, where the nominal vendor has no connection with the security, either as owner or investor. In such case the decree directing his act limits his authority to the performance of purely formal functions. His express warranty would be without authority to bind the estate, and it necessarily follows that no warranty should or could be implied. The case is also distinguishable from those cited by the learned counsel for the appellant, both on the question of the right of action, and as to the statute of limitations. The action is not upon a sealed instrument, as against the defendant, notwithstanding the note and mortgage were assigned by an instrument under seal. In Colgan v. Dunne, 50 Hun, 443, 3 N. Y. Supp. 309, it is stated in the headnote that it was held that an action to recover a deficiency judgment in foreclosure is to be regarded as brought upon a sealed instrument; but the plaintiff's intestate in that case was a creditor of the deceas-ed, whose legatees were sought to be charged; the debt was rep-resented by a bond and mortgage executed under seal by the de-ceased, the period of limitation of the debt being 20 years, not then expired; and the court held that the testator could not cut off his creditors' right to a satisfaction of the debt, and that the only effect of the foreclosure judgment was to benefit the defendants by redu-cing the amount of the liability. The action was therefore regarded as brought upon the bond and mortgage, and not upon the deficiency judgment. The action was for a debt of the decedent, and is ex-pressly authorized by section 1837 of the Code of Civil Procedure. In Mertens v. Roche, 39 App. Div. 398, 57 N. Y. Supp. 349, the claim arose out of a sale by the executors of a deceased partner to the surviving partner, by mistake, of assets which did not belong to the firm. No property was actually transferred, and the plaintiff was permitted to recover the purchase money from the legatee. The only question presented was the claim by the latter that his liability could not be determined in an action at law, but this was held un-tenable, inasmuch as the case was tried by stipulation as one in equity. In Dwinelle v. Edey, 102 N. Y. 423, 7 N. E. 422, the ac-tion was between the original parties to a sealed agreement of co-partnership, brought for the purpose of securing contribution of losses in accordance with its terms.

I think the defendant in this case received the money in question in good faith in discharge of the judgment debt or obligation of the executors of Stephen M. Buckingham as one of the trustees of the

estate of Matthew Vassar; and that the plaintiff could not, under such circumstances, recover the money back, would seem to result from the doctrine of Stephens v. Board, 79 N. Y. 183, 35 Am. Rep. 511; Hatch v. Bank, 147 N. Y. 184, 41 N. E. 403; Nassau Bank v. National Bank of Newburgh, 159 N. Y. 456, 54 N. E. 66; and other similar cases. But if such recovery might be had, the right to bring a common-law action upon the theory of money had and received certainly accrued to the plaintiff's testator when he discovered the facts, in the year 1890, and was consequently barred by the six-year limitation when this action was commenced.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.