1. WILLS ⬩439—CONSTRUCTION—INTENT.
     In construing a provision of a will directing the use of money to erect a monument over testatrix's grave, the fact that persons interested consent to any particular form of construction will not authorize a construction deviating from the intent of testatrix.
     [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957; Dec. Dig. ⬩439.]

2. WILLS ⬩487—CONSTRUCTION—INTENT—DECLARATIONS OF TESTATRIX.
     In proceedings to obtain a construction of an unambiguous will, affidavits detailing declarations of testatrix could not be considered on the question of her intent.
     [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1023, 1026–1032; Dec. Dig. ⬩487.]

3. EXECUTORS AND ADMINISTRATORS ⬩109—CONSTRUCTION—ERECTION OF MONUMENT—AMOUNT OF EXPENDITURE.
     A will directing that the executor, after paying certain bequests from certain money, use the balance to defray funeral expenses and erect a monument over testatrix's grave, did not require that all of the balance remaining after payment of funeral expenses be used in erecting a monument, but only that so much thereof be so used as might be reasonable, having in view testatrix's station in life and the amount of her estate.
     [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 435–438, 440–447, 763; Dec. Dig. ⬩109.]

4. EXECUTORS AND ADMINISTRATORS ⬩109—PAYMENT OF FUNERAL EXPENSES —COST OF TOMBSTONE.
     A reasonable expenditure for a tombstone is a legitimate item of the funeral expenses, which Code Civ. Proc. § 2686, authorizes an executor to pay independent of any testamentary direction.
     [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 435–438, 440–447, 763; Dec. Dig. ⬩109.]

5. EXECUTORS AND ADMINISTRATORS ⬩109—FUNERAL EXPENSES—EXPENDITURE FOR MONUMENT—DETERMINATION OF REASONABLENESS.
     What constitutes a reasonable expenditure for a tombstone, which could properly be included in the reasonable funeral expenses which an executor is authorized by Code Civ. Proc. § 2686, to pay, depends on the peculiar conditions of each case, and is not governed by any arbitrary rule.
     [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 435–438, 440–447, 763; Dec. Dig. ⬩109.]

In the matter of the estate of Sarah Young, deceased.  Proceeding to obtain construction of a will.  Decreed according to opinion.

Arthur C. Kahn, of New York City, for petitioner.

SCHULZ, S.   The decedent left a document, which has been admitted to probate as her last will and testament, by which she bequeathed to one of her daughters the sum of $500, to another daughter $200, and to a niece the sum of $100.   She then provided as follows:

"I direct my executor after paying the above bequests, out of the balance of my money on deposit in the Bowery Savings Bank and Seaman's Savings Bank, that said balance shall be used to defray funeral expenses and the erection of a monument over my grave."

---

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The executor has brought this proceeding to obtain a construction of this clause of the decedent's will, being in doubt as to whether, under its terms, he is required to expend the whole amount of the balance referred to, or is authorized to expend enough thereof to erect a monument similar to the one which the decedent purchased upon the death of her husband some years ago. The expenditure for the latter amounted to about $75. Up to the present time he has deposited on account of a headstone the sum of $25, and he asks that he be authorized and directed to spend an additional sum of $50 for the erection of a monument.

[1, 2] The daughters of decedent are her only heirs at law and next of kin, and they join in asking that the will be construed as prayed for by the petitioner. The construction to be placed upon the clause in question, of course, should not be influenced by the fact that the persons interested consent to any particular form of construction. It depends solely upon the intent of the testatrix. As there is no latent ambiguity arising dehors the will, her intent must be ascertained from the will itself and the alleged declarations of the decedent detailed in the affidavits cannot be considered by me. Mann v. Mann, 1 Johns. Ch. 231; Reynolds v. Robinson, 82 N. Y. 103, 37 Am. Rep. 555; Williams v. Freeman, 83 N. Y. 561. When thus established the intent of the testatrix must be given effect. Phillips v. Davies, 92 N. Y. 199; Robinson v. Martin, 200 N. Y. 159, 93 N. E. 488.

[3] The total estate of the decedent amounted to $1,471.95. The petitioner states that the net balance after the payment of legacies, funeral expenses, and expenses of administration incurred and to be incurred, including the item of $25 aforesaid, will probably amount to $228.18. The funeral expenses amounted to $155.30. The question, therefore, is whether the decedent intended that there should be expended for her funeral the sum of $155.30 and in addition thereto for a monument the sum of $253.18.

[4] Even without any testamentary direction to that effect, an executor has a right to pay the reasonable funeral expenses of the decedent (Code Civ. Proc. § 2686), and a reasonable expenditure for a tombstone is regarded as a legitimate item of funeral expenses. Ferrin v. Myrick, 41 N. Y. 315; Tickel v. Quinn, 1 Dem. 425.

In Matter of Boardman (Surr.) 20 N. Y. Supp. 60, it was held that a provision in a will that all of testator's property remaining after paying his debts should be expended for a monument, fence, etc., is to be construed with reference to the circumstances and situation in life of the testator, and only a reasonable portion of his estate should be expended thereunder. In Emans v. Bickman, 12 Hun, 425, the testator left his entire estate to his executors for his funeral expenses and the erection of a monument. The estate amounted to $1,200, and the court held that it was the intention of the deceased to devote an amount which was reasonable, in view of his position in life and the extent of his property, and affirmed the decree fixing the sum of $150 as the limit to be expended for the monument.

[5] No arbitrary rule can be laid down establishing what is a reasonable expenditure for a monument. Each case depends for its de-

termination upon its own peculiar conditions. Matter of Erlacher, 3 Redf. 8; Matter of Howard, 3 Misc. Rep. 170, 23 N. Y. Supp. 836. A few of the large number of cases on this subject showing the attitude of the courts may be referred to with profit. In Matter of Mount, 3 Redf. 9 (note), the amount of the estate was $983.30, and a charge of $78 for a gravestone was cut down to $50. In Miller v. Morton, 89 Hun, 574, 35 N. Y. Supp. 294, it was held that $1,400 for a monument was too expensive for an estate of $3,540. In Matter of Beach, 1 Misc. Rep. 27, 22 N. Y. Supp. 1079, the court said that an estate of $8,000 justified an expenditure of $400 for a monument. In Matter of Mount, 3 Redf. 9 (note), it was held that a charge of $700 for a burial lot and monument is excessive, where the estate amounted to less than $2,800. In Owens v. Bloomer, 14 Hun, 296, the court considered an expenditure of $500 for a monument extravagant, the estate not exceeding $8,000. In Burnett v. Noble, 5 Redf. 69, the personal estate being less than $2,000, an allowance of $700 was refused and reduced to $250.

The provision now under consideration does not, in my opinion, in terms require that all of the balance shall be expended for funeral expenses and the erection of a monument, and I believe that the intent of the testatrix was that so much of the balance as would be reasonable, having in mind her station in life and the amount of her estate, should be used to defray the funeral expenses and to pay for a monument.

The executor states that he knew the decedent for a number of years before her death, being related to her husband, that she lived with one of her daughters in a very frugal way, and that her habits of life were modest and simple. These are facts which he should take into consideration in deciding how much to spend for a monument. As a guide to him I will say that a monument such as she purchased for her deceased husband would not be unreasonable in my opinion. I do not think that it is necessary for me to fix the cost of such monument arbitrarily, particularly when the executor himself has an intimate knowledge of the circumstances of the decedent.

I therefore find that the intent of the testatrix was as above stated, and that as to any balance remaining in the hands of the executor after the payment of debts, legacies, expenses of administration, and funeral expenses, and after paying for a monument, the decedent died intestate, and such balance is distributable in accordance with the statute governing distribution of personal property.

Decreed accordingly.