**AMERICAN SECURITY & TRUST CO. et al. v. UNKNOWN HEIRS AT LAW AND NEXT OF KIN OF MARY ANN SPENCER. et al.**

No. 6312.

United States Court of Appeals for the District of Columbia.

Decided Jan. 20, 1936.

Paul E. Lesh, Stanton C. Peelle, Dale D. Drain, and Jerome F. Barnard, all of Washington, D. C., for appellant American Security Trust Co.

Edwin C. Dutton of Washington, D. C., for appellant Vestry, Washington Parish, Christ Protestant Episcopal Church.

Alvin L. Newmyer, Simon Lyon, David G. Bress, R. B. H. Lyon, and Alexander Prescott, all of Washington, D. C., for appellee Nancy Spencer Hope et al.

E. Barrett Prettyman, Corp. Counsel, and T. Gillespie Walsh, Asst. Corp. Counsel, both of Washington, D. C., for appellee District of Columbia.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This case was commenced in the lower court by the American Security & Trust Company, a corporation, as executor under the last will and testament of Mary Ann Spencer, deceased, for the purpose of securing a construction by the court of certain items in the will of testatrix. The court entered a decree construing the will, and the executor has appealed from this decree. The present issue relates solely to the questions arising upon the construction of the will.

The will in question was executed by Mary Ann Spencer, a resident of the District of Columbia, on August 1, 1907. Her death occurred on June 8, 1919. She had never married, and, so far as appears, had no brother or sister. Her father died in the year 1854, and her mother died in the year 1874, without having remarried. Her father and mother were both buried in the Congressional Cemetery in the city of Washington, D. C.

Miss Spencer was employed for many years as a clerk in the United States Treasury Department at a salary of about $1,500 a year. She was a woman of eccentric mode of life, having no relatives living in the District of Columbia after her mother's death, and apparently having no intimate relations with any of her collateral kin.

At the time of the execution of the will, Miss Spencer possessed an estate having a value between $30,000 and $40,000. The will, which was duly admitted to probate by the lower court sitting as a probate court, reads as follows:

"Last Will and Testament of Mary Ann Spencer.

"In the Name of God, Amen.

"I Mary Ann Spencer of Washington, D. C. being of sound mind, memory and understanding, considering the certainty of death and the uncertainty of the time thereof, and being desirous to settle my worldly affairs, and thereby be the better prepared to leave this world when it shall please the Almighty to call me hence, do therefore make and publish this my last Will and

Testament, in manner and form following, that is to say:

"First, and principally, I commit my soul into the hands of Almighty God, and my body to the earth, to be decently buried at the discretion of my execut— hereinafter named; and my Will is, that all my just debts and funeral expenses shall be paid out of my estate, as soon after my decease as shall be found convenient;

"Second, I give, devise and bequeath to Mary A. Deffenbaugh three thousand dollars.

"Third—Miss Margaret L. Wallace of New York one thousand dollars.

"Fourth. All the rest, residue, and remainder of my estate shall be expended on vault and suita*be* mon*umt*.

"I constitute and appoint the American Security and Trust Company with full power to sell, convey at public sale, and to pass title to all the real estate of which I may be seized at the time of my death, whe*ather* acquired before or after the making of this will, and all my personal estate except that specifically bequeathed by second and third items.

"As soon as Arlington Cemetery shall be opened for the burial of the Public I desire to have the remains of my parents, John and Catherin Spencer, removed from Congressional Cemetery to Arlington Cemetery for final burial. I desire to be buried with my parents.

"And Lastly, I do hereby constitute and appoint the American Security and Trust Company to execut- for me this my last Will and Testament, and I desire that my execut*s* hereinbefore named shall not be required to give bond for the performance of the duties of that office. Further, it is my will and desire that the aforegoing devise—of this Will shall operate upon and pass all real estate hereafter acquired and owned by me at the time of my death, and shall take effect as if made on the last day of my life; hereby revoking and annulling all former wills by me heretofore made, ratifying and confirming this and none other to be my last Will and Testament.

"In Testimony Whereof, I have set my hand and seal to this, my last Will and Testament, at Washington, D. C., this 1st day of August in the year of our Lord one thousand nine hundred and seven.

"Mary Ann Spencer. [Seal.]"

No codicil was ever added to the will.

Miss Spencer's estate increased in value after the execution of her will, until at the time of her death in 1919 it represented a value of about $78,000. Since the time of her decease the estate has increased in value so that at present it has a value of $140,-000, which would leave more than $100,-000 after the payment of all legacies and costs.

The question involved in the present controversy arises upon the provision of the will relating to the burial of testatrix and the payment of the expenses incident thereto.

In order that the question may be somewhat simplified, we copy the provisions of the will relating particularly to the issue, omitting the other parts thereof:

"First, and principally, I commit my soul into the hands of Almighty God, and my body to the earth, to be decently buried at the discretion of my execut— hereinafter named. * * *

"Fourth. All the rest, residue, and remainder of my estate shall be expended on vault and suita*be* mon*umt*. * * * As soon as Arlington Cemetery shall be opened for the burial of the Public I desire to have the remains of my parents, John and Catherin Spencer, removed from Congressional Cemetery to Arlington Cemetery for final burial. I desire to be buried with my parents."

It is conceded that Arlington Cemetery has not been opened for the burial of the public, and that, because of the regulations and enactments adopted with reference to it, it is certain that the cemetery never will be opened for public burial. It is also conceded that neither the testatrix nor her father nor mother would come within the regulations permitting burial in Arlington Cemetery. Accordingly, it is impossible for the executor to cause the burial of testatrix or her father and mother in Arlington.

After the decease of the testatrix, her body was buried by direction of her executor in the Congressional Cemetery at Washington. Owing to the lack of space in the lot where her father and mother were buried, it was not feasible to bury her body by their side or in the same lot. Therefore her body was buried at some distance from their graves.

In view of these circumstances, the question arose whether the body of testa-

trix should be allowed to remain in its present grave or removed to another site selected by the executor, and whether the entire "rest, residue and remainder" of her estate, which now amounts to $140,000, which would leave more than $100,000 after the payment of all legacies and costs, should be expended in erecting a vault and monument at her grave; or whether, if her body is to remain where buried, a reasonable sum to be taken from the estate shall be used for erecting a suitable vault and monument over her grave and the remainder of her estate being otherwise undevised shall be treated as intestate property.

After a reference to the auditor and a report by him, the trial justice found the following to be the proper conclusions of law relating to the issue upon the facts outlined above:

"That the true and correct interpretation of the last will and testament of said Mary Ann Spencer, deceased, * * * and particularly of the provisions of the fourth or residuary item thereof, is that the testatrix did not intend that the sum of $100,-000, or the bulk thereof, should be used for the expenses of her funeral, the purchase of a burial lot, and the erection of a vault or monument for her parents and herself, in any cemetery, other than Arlington Cemetery, but only a suitable amount, the remainder being reserved for the expense of moving the bodies to Arlington Cemetery and the erection of the proper monument there; and inasmuch as Arlington Cemetery is not open to the public and there is no reason to believe that it will be in any definite future time, the bequest for the removal of the bodies to Arlington Cemetery and the erection of a vault and monument there for final burial is void, and the testatrix died intestate to that extent as to both real and personal property. That the word 'suitable' has reference to the amount of testatrix, estate, her station of life and that of her parents, and her lack of near relatives."

The lower court in its final decree held that a site for the vault and monument of testatrix should be acquired in the Congressional Cemetery or such other cemetery in the District of Columbia as executor should determine, and that the executor should expend up to, but not to exceed, the sum of $7,500 for a site whether in Congressional Cemetery or such other cemetery as was selected by the executor, and up to but not exceeding the sum of $10,000 for a vault or monument for the remains of the decedent and her parents; these sums being found by the court to be reasonable and appropriate in amount. The court furthermore held that, after the expenditure of such sums and the payment of the costs, the remainder of the personal estate of testatrix was to go as intestate assets to her next of kin and the real estate to her heirs at law.

■ We agree with the decision of the lower court. It is clear from a reading of the will that it was the understanding of the testatrix that Arlington Cemetery would at some reasonable time be opened for use as a public burial ground, and it was her desire as expressed in her will that finally the bodies of her father and mother should be removed from the Congressional Cemetery to Arlington and that she should be buried at their side. For the accomplishment of this purpose she provided that the entire residue of her estate after the payment of expenses, debts, and legacies should be used for this purpose. It is, however, impossible for the executor to fulfill this desire of the testatrix. This portion of the will therefore is defeated and is inoperative.

■ The question remains whether the provision that "all the rest, residue and remainder of my estate shall be expended on vault and suitable monument" shall be literally carried out by the executor. We agree with the lower court that this would not be a proper interpretation of the testatrix's will. The latter provision forms an integral part of the complete provision contained in paragraph 4 of the will which contemplated the removal and interment of the remains of testatrix's father and mother and the interment of her own remains in Arlington Cemetery. It seems clear from a reading of the will that the testatrix did not intend that the entire residue of her estate should ever be expended in building a monument over her grave or over the graves of her father and mother in Congressional Cemetery. This view is accentuated by the fact that at the time when the will was executed the property of the testatrix was valued at between $30,000 and $40,000; and that it now has a value of $140,000, which would leave more than $100,000 after the payment of all legacies and costs. The testatrix expressed the desire that her body be given a "decent burial" and that a "suitable monument" should be erected at her grave. It is plain that the expenditure of the sum of more than $100,-000 for the erection of a monument over the grave of testatrix in Congressional

Cemetery would not comply with the requirement that such monument should be a "suitable monument." The testatrix in her lifetime occupied a very modest position in the community. Her father was a stone-cutter of modest means. Her family and social relations were modest. A monument erected to her memory at a cost of $100,000 or more in the Congressional Cemetery would be grossly inappropriate and would have been so regarded by her. In view of the limited value of testatrix's estate at the time when her will was executed, it is clear that the erection of such a monument as is provided by the order of the lower court would more nearly represent the true intention of the testatrix than would the expenditure of more than $100,-000 for such a purpose. This conclusion is justified by the terms of the will when considered in their relation to one another. See In re Boardman's Will (Surr.) 20 N.Y.S. 60; Emans v. Hickman, 12 Hun (N.Y.) 425; In re Young's Estate, 92 Misc. 633, 157 N.Y.S. 494; In re Backes' Will, 9 Misc. 504, 30 N.Y.S. 394; In re Turk's Will, 128 Misc. 803, 221 N.Y.S. 225. We therefore affirm the decision of the lower court, costs to be paid by the estate.

This affirmance nevertheless is subject to the proviso that the executor shall be required to bury the testatrix and her father and mother together, side by side, in whatever site it selects for testatrix' final interment; and, if this provision should require an increase in the amount allowed, as above stated, for the vault and monument, the court may consider and allow the same in its discretion.

Mr. Justice HITZ departed this life before the decision of this case.

Affirmed.