*926 Nolan, P. J., Carswell, Sneed and MaeCrate, JJ., concur; Johnston, J., concurs as to affirmance of the decree insofar as appealed from by the executor and trustee, but, on the appeal of the contestants, dissents and votes to modify the decree by striking out the second decretal paragraph and by substituting therefor a provision that paragraph “ Seventeenth ” of the will requires that the executors and trustees exercise the discretion vested in them to purchase a suitable plot and to erect thereon a suitable mausoleum, subject to review by the Surrogate; that sufficient moneys be then left for perpetual care of the mausoleum and plot, and that, as to the balance of the estate, the testatrix died intestate. Testatrix died November 28, 1946, at the age of seventy-seven, leaving a will dated September 17, 1946. Her only surviving relatives were three brothers, two sisters, and three children of a deceased sister, who were the original contestants. One brother has since died and his three children have been substituted in his stead. By her will the testatrix bequeathed $100 to each of her three brothers and two sisters, and she made no bequest to the three children of her deceased sister. At the date of death of the decedent, her estate was valued at approximately $175,000. Her residuary estate, which will amount to approximately $150,000, was bequeathed to trustees by paragraph “ Seventeenth” of the will, “To purchase and pay from the principal and income *927 of said trust fund, such plot as my executors and trustees deem suitable, in * * * Woodlawn Cemetery - * * and to erect thereon such mausoleum for the permanent memorial to my dear late husband, Lorenz W. Baeuchle as in the opinion of my executors and trustees seem suitable, leaving only sufficient moneys for the perpetual care of said mausoleum and plot hereinafter provided foi. I desire that I be buried in said mausoleum and that the remains of my dear husband * * * be placed in said mausoleum beside by own.” This disposition of the residuary estate was not an absolute gift to a charity, as in Matter of Morris (227 N. Y. 141), relied on by the majority, but was a direction to expend a suitable sum for specified purposes. When decedent’s first husband, . Lorenz W. Baeuchle, died in 1931, he left her $97,443, and she then spent approximately $1,100 for a plot and monument for him. Although the testimony shows that in the past two years the mausoleums built at Woodlawn Cemetery cost about $20,000 each on plots costing about $5,000, the Surrogate has directed that the entire residuary estate of approximately $150,000 be disposed of for the mausoleum, plot, and perpetual care, regardless of whether such a mausoleum or plot is “ suitable ” for decedent. In my opinion, that result is not only an extravagant and wasteful use of the money of the testatrix, but does not permit the exercise of the discretion vested by the will in the executors and trustees to expend a “ suitable ” sum for the mausoleum and plot. It serves to “ convict the testator of the absolute folly of a ridiculous expenditure for his funeral and monument ” (Emans v. Hickman, 12 Hun 425, 428). (See American Security & Trust Co. v. Unknown Heirs at Law, 82 F. 2d 456; Matter of Boardman, 46 N. Y. St. Rep. 444; Matter of Turk, 128 Misc. 803, appeal dismissed 222 App. Div. 724; Matter of Young, 92 Misc. 633, and Matter of Backes, 9 Misc. 504.)